## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LARRY DOAK,                                        )
                                                   )
                Petitioner,       )
                                                   )
v.                                                 )      Case No. CIV-21-1032-D
                                                   )
SCOTT NUNN,                                        )
                                                   )
                Respondent.       )

## ORDER

This matter is before the Court for review of the Report and Recommendation
(Report) [Doc. No. 12] issued by United States Magistrate Judge Suzanne Mitchell
pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner has timely objected [Doc. No. 15]
to the Report, which recommends dismissing the petition as time barred. Accordingly, the
Court must make a *de novo* determination of those portions of the Report to which a
specific objection is made, and may accept, modify, or reject the recommended decision in
whole or in part. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant
to 28 U.S.C. § 2254, challenging his 1998 conviction and sentence in the District Court for
Washington County, Oklahoma. Petitioner filed this federal action on October 21, 2021
[Doc. No. 1]. Judge Mitchell recommends that the petition be deemed time barred under
the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A). Judge Mitchell also concludes
that neither § 2244(d)(1)(C) or (D) applies, and that no basis exists for equitable tolling of
the one-year limitation period.

In his objections, Petitioner does not dispute Judge Mitchell's historical account of the state court proceedings; thus, the Court accepts this portion of the Report.[1] Petitioner raises four specific objections to Judge Mitchell's Report. He argues:

1. Section 2244(d)(1)(C) applies because the Supreme Court's decision in *McGirt v. Oklahoma*, 14 S. Ct. 2452 (2020) revealed a violation of his constitutional rights by the state district court;

2. section 2244(d)(1)(D) applies because *McGirt* revealed, for the first time, the factual predicate for his claims;

3. his state court conviction is not final for AEDPA purposes because the state court lacked jurisdiction;

4. he is entitled to equitable tolling of the § 2244(d)(1)(A) statute of limitations because the state court lacked jurisdiction.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year limitations period for federal habeas claims by petitioners in state custody. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Petitioner has waived further review of all issues as to which no specific objection is made. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

*Id.* AEDPA includes a tolling provision for properly filed post-conviction actions: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* at § 2244(d)(2).

1. **Section 2244(d)(1)(C) is inapplicable here because *McGirt* did not recognize a new constitutional right.**

Section 2244(d)(1)(C) allows for commencement of the statutory year to begin on "the date on which the constitutional right asserted was initially recognized by the Supreme Court." Judge Mitchell concluded that § 2244(d)(1)(C) does not apply here because *McGirt* did not recognize a new constitutional right. In his objection to the Report, Petitioner stated he agreed that *McGirt* did not recognize a new constitutional right. Petitioner, nevertheless, contends § 2244(d)(1)(C) applies here because *McGirt* revealed a violation of his constitutional rights by the state district court based on a long-standing rule set out in *Solem v. Bartlett*, 465 U.S. 463 (1984). He asserts *McGirt* reaffirmed how the rule in *Solem* should be applied by state district courts. Petitioner, however, fails to show a newly recognized constitutional right. *See Hill v. Nunn*, No. CIV-21-1208-SLP, 2022 WL 597274, at *1 (W.D. Okla. Feb. 28, 2022) (concluding that § 2244(d)(1)(C) was inapplicable because *McGirt* did not recognize a new constitutional right). Therefore, the date of the *McGirt* decision should not be used as the commencement for Petitioner's statutory year under § 2244(d).

2. **Section 2244(d)(1)(D) is inapplicable here because Petitioner knew or should have known the factual predicate of his claims at the time of his conviction.**

Section 2244(d)(1)(D) allows for commencement of the statutory year to begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner argued *McGirt* established a new factual predicate for his claim that the state district court lacked jurisdiction: "the Muscogee (Creek) Nation reservation continues to exist." [Doc. No. 10 at p.2]. Judge Mitchell concluded that § 2244(d)(1)(D) does not apply here because the factual bases for Petitioner's claim are (1) that he is a tribal member and (2) that the crimes he was convicted of occurred on the Cherokee Reservation. In his objection, Petitioner does not dispute that he knew these facts. He argues that he could not have found the Cherokee Nation Reservation existed until the Oklahoma Court of Criminal Appeals decision in *Hogner v. State*, 500 P.3d 629, 631 (Okla. Cr. App. 2021), in which the court found Congress has not disestablished the Cherokee Reservation.

The Court agrees with Judge Mitchell that the factual bases for Petitioner's claim are his tribal membership and the location of his offenses. The decision in *Hogner* merely recognized that Congress has not disestablished the Cherokee Reservation. Even if Petitioner did not understand the legal significance of the factual bases for his claim until the *Hogner* decision, at the time of his trial he had knowledge of the requisite facts or could have discovered them through the exercise of due diligence. Therefore, the date of the *Hogner* decision should not be used as the commencement for Petitioner's statutory year under § 2244(d).

### 3.  Petitioner's conviction is final for AEDPA purposes.

Judge Mitchell concluded that Petitioner's conviction and sentence became final on December 9, 1999 and that his one-year limitations period under § 2244(d) began to run the next day. After accounting for statutory tolling under § 2244(d)(2) for the period Petitioner's application for post-conviction relief was pending in state court, Judge Mitchell concluded Petitioner's deadline to file his habeas petition was June 13, 2001. Petitioner does not state a specific objection to Judge Mitchell's calculation of his deadline to file for federal habeas relief; he objects only to Judge Mitchell's conclusion that his conviction is final for AEDPA purposes. He argues that the state court lacked jurisdiction to prosecute him, and thus, his conviction could never be final. Petitioner's argument is unavailing; his conviction became final on December 9, 1999, when the time for him to seek certiorari review with the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271 (10th Cir. 2001) (holding that a judgment becomes final when the Supreme Court denies review, or if no petition for certiorari is filed, after the time for filing such petition has passed).

Petitioner filed this federal habeas action on October 21, 2021, well after his statutory year expired on June 13, 2001. Thus, for the petition to survive, Petitioner must establish equitable tolling.

### 4.  Petitioner is not entitled to equitable tolling.

Judge Mitchell concluded Petitioner is not entitled to equitable tolling of the § 2244(d) limitations period because he did not show he has been diligently pursuing his

rights and that extraordinary circumstances prevented him from timely filing. Judge Mitchell also concluded Petitioner was not entitled to the equitable exception to the limitations period because he did not make a viable actual innocence claim. Petitioner states an objection to only the first conclusion; he argues he has been pursuing his rights diligently and that extraordinary circumstance prevented him from timely filing.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this circuit, equitable tolling may be appropriate when a prisoner has failed to file a timely federal petition due to "extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling is limited to "rare and exceptional circumstances").

The Court agrees with Judge Mitchell that Petitioner cannot establish he diligently pursued his federal habeas rights or that extraordinary circumstances prevented him from timely filing a federal habeas petition. Petitioner is not entitled to equitable tolling.

Further, Petitioner's assertion that a challenge to the state district court's jurisdiction on habeas review is not subject to the limitations period set in § 2244(d) lacks merit. "The Tenth Circuit has previously rejected the argument that issues of subject matter jurisdiction are never waived and may be raised at any time." *Davis v. Crow*, No. CIV-22-162-F, 2022 WL 885046, at *1 (W.D. Okla. Mar. 24, 2022) (citing *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished)).

## CONCLUSION

Upon a *de novo* review of the issues presented, the Court finds that the claims in the petition are time barred and should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). Accordingly, Judge Mitchell's Report and Recommendation [Doc. No. 12] is **ADOPTED** in its entirety. Petitioner's claims are dismissed with prejudice as time barred. A judgment shall be issued forthwith.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S.

at 484. Upon consideration, the Court finds the requisite standard is not met in this case.

Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

      **IT IS SO ORDERED** this 31st day of March, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge